THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISION

| | |
|---|---|
| IN RE: SUBPOENA ISSUED TO ) <br> CINDY CHAFIAN ) <br> ) | Case No.: |

## MOTION TO COMPEL COMPLIANCE WITH SUBPOENA: CINDY CHAFIAN

NOW COMES movant, Seth Abramson, by and through his attorneys Lacey U. Conn, Esquire, and Thomas, Thomas & Hafer, LLP, and hereby moves this honorable Court to hold Cindy Chafian in contempt for her failure to comply with a duly executed and served Subpoena, pursuant to Federal Rules of Civil Procedure Rule 37(a)(2), 37(a)(3), and 45(g). In support of this motion, Mr. Abramson states as follows:

1. Cindy Chafian is the subject of a Subpoena to Testify related to the action *Robert Patrick Lewis, Philip A. Luelsdorff, & 1AP, Inc. v. Seth Abramson*, C.A. No. 1:22-CV-00126-PB, currently pending in the United States District Court for the District of New Hampshire. (A copy of the Subpoena is attached hereto as **Exhibit A**). Mr. Abramson's New Hampshire counsel duly executed the Subpoena. **Ex. A** at 1.

2. Ms. Chafian's deposition was scheduled for November 10, 2025. *Id*. The deposition was supposed to occur remotely to minimize the burden on Ms. Chafian. *Id*.

3. In addition to the Subpoena, counsel for Mr. Abramson included a Notice of Deposition letter in which counsel informs Ms. Chafian of the following:

   This deposition will occur by Zoom, so there is no need for you to travel for the deposition so long as you have access to a computer with video capabilities. An email address must be provided to my office ***no later than***

1

|   |   |
|---|---|
|   | ***5:00 pm on October 31, 2025***, in order for my office to make the appropriate arrangements for the remote appearance. |
|   | (A copy of the Notice of Deposition is attached hereto as **Exhibit B**). |
| 4. | On October 20, 2025, Mr. Abramson caused the Subpoena and Notice of Deposition letter to be served on Ms. Chafian in person. (A copy of the Proof of Service is attached hereto as **Exhibit C**). The process server also took two pictures memorializing his service on Ms. Chafian. (A copy of said pictures is attached hereto as **Exhibit D**). |
| 5. | Ms. Chafian did not provide her email address, or any other responsive documents by October 31, 2025, or by the date of her deposition, November 10, 2025. |
| 6. | On November 10, 2025, counsel for Mr. Abramson noted Ms. Chafian's failure to appear for her remote deposition. (A copy of the Deposition Transcript is attached hereto as **Exhibit E**). |
| 7. | On November 10, 2025, Counsel for Mr. Abramson attempted to contact Ms. Chafian at a publicly available email address associated with Ms. Chafian to reschedule her deposition. (A copy of said Email is attached hereto as **Exhibit F**). |
| 8. | Ms. Chafian responded on November 14, 2025, stating that she will not comply with the subpoena and invoke the Fifth Amendment to avoid testifying. (A copy of said Email is attached hereto as **Exhibit G**). |
| 9. | Since Ms. Chafian's deposition was intended to be remote, "the deposition takes place where the deponent answers the questions." *Fed. R. Civ. P.* 30(b)(4). Ms. Chafian resides at 410 Millhouse Court, Chesapeake, VA 23323, *see* **Exs. A & B**, and thus the United States District Court for the Eastern District of Virginia, Norfolk Division, has original jurisdiction over this discovery dispute as the Court |

of compliance, *see* Fed. R. Civ. P. 37(a)(2) ("A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.").

10. Pursuant to Fed. R. Civ. P. 37(a)(1), on notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. A motion for an order to a nonparty must be made in the court where the discovery is or will be taken. *Fed. R. Civ. P* 37(a)(2).

11. A party seeking discovery may move for an order compelling an answer if a deponent fails to answer a question under Rule 30 or 31. *Fed. R. Civ. P.* 37(a)(3)(B)(i).

12. Pursuant to the Federal Rules of Civil Procedure, the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." *Fed. R. Civ. P.* 45(g).

13. Here, Ms. Chafian did just that by essentially ignoring the Subpoena. The Subpoena was duly executed and served to Ms. Chafian personally. *See* **Exs. A, C–D**. To facilitate compliance with the Subpoena., counsel for Mr. Abramson informed Ms. Chafian that she must produce her email address to attend the remote deposition. **Ex. B** at 1. However, Ms. Chafian, without excuse, failed to cooperate in setting up her remote deposition, and failed to attend her remote deposition. **Ex. E** at 4.

14. Moreover, when Ms. Chafian finally communicated with Mr. Abramson's counsel, she refused to comply with the subpoena by invoking the Fifth Amendment. *See* **Ex. G**. The Fifth Amendment privilege may not "be invoked on no more than the mere assertion by one claiming the privilege that information sought . . . may be incriminating. Whether there is a sufficient hazard of incrimination is of course a

      question for the courts asked to enforce the privilege." *In re Grand Jury Subpoena*, 41 F. Supp. 2d 616, 620 (W.D. Va 1999) (quoting *United States v. Sharp*, 920 F.2d 1167, 1170 (4th Cir. 1990)). In this case, Ms. Chafian has no basis to assert her Fifth Amendment privilege because there is no hazard of incrimination and no possibility of criminal prosecution. *See id*. Accordingly, Ms. Chafian seeks to baselessly assert her Fifth Amendment privilege for the sole reason to avoid compliance with a duly executed and served subpoena.

15. Ms. Chafian "failed[ed] without adequate excuse to obey the subpoena" by ignoring the requirement to provide her email to facilitate a remote deposition, failing to attend the deposition itself, and thereafter failing to comply with the Subpoena. *Fed. R. Civ. P.* 45(g); *see also* advisory committee note to 2013 amendment ("contempt sanctions may be applied to . . . one who fails entirely to obey a subpoena"). Therefore, the Court should compel Ms. Chafian to comply with the Subpoena and respond to all proper questions asked therein. *Id*.

16. Mr. Abramson requests that the Court compel Ms. Chafian to appear at the courthouse on December 30, 2025, at 11:00AM to sit for her deposition pursuant to the order to compel, unless the Court finds that a different date, time and location are more appropriate.

17. Additionally, counsel requests that if Ms. Chafian is ordered to comply with the subpoena, Mr. Abramson requests that the Court give him leave to file a motion to recover the expenses he incurred in responding to Ms. Chafian's noncompliance. *See Fed. R. Civ. P.* 37(a)(5).

WHEREFORE, the movant, Seth Abramson, respectfully requests this Honorable Court to issue the following relief:

A. Hold a hearing on this matter as soon as the Court's calendar permits;

B. Grant the motion and compel Ms. Chafian to comply with the Subpoena and appear for her deposition at the courthouse on December 30, 2025, at 11:00AM, and to answer questions until the deposition is complete; and

C. Grant such other relief as the Court deems just and equitable.

Respectfully submitted,

**SETH ABRAMSON, MOVANT**

By His Attorneys,

THOMAS, THOMAS & HAFER, LLP,

Dated: December 8, 2025

*/s/Lacey Ullman Conn*
Lacey U. Conn, Esquire
VA Bar No. 76143
10555 Main Street, Suite 500
Fairfax, VA 22030
571-464-0433
571-464-0441 (fax)
lconn@tthlaw.com

**CERTIFICATE OF SERVICE**

  The foregoing was served on the parties identified below using the Court's CM/ECF system a was served on the parties and affected persons, by certified mail, and email where an email address is included, on December 8, 2025:

Robert Patrick Lewis
119 S Curtis Ave
Alhambra, CA 91801

Philip A. Luelsdorff
101 Cove View Trail
Severna Park, MD 21146

1AP, Inc.
c/o Registered Agent
United States Corporation Agents, Inc.
131 Continental Drive, Suite 305
Newark, DE 19713

Cynthia Chafian
410 Millhouse Court
Chesapeake, VA 23323
cindy.chafian@gmail.com

Dated:  December 8, 2025            /s/*Lacey Ullman Conn*
                      Lacey U. Conn, Esquire
                      VA Bar No. 76143